## LEONARD v. INGRAHAM & MARSHALL ET AL.

1. **Homestead:** ABANDONMENT OF: JUDGMENT LIENS. To constitute an abandonment of a homestead, there must exist an intention to abandon, and an abandonment in fact. A citizen and resident of another State cannot have a homestead in Iowa. Where there has been an abandonment of the homestead, the liens and judgments will attach thereto, and a subsequent conveyance of the homestead will not displace such liens.

*Appeal from Linn District Court.*

### TUESDAY, JUNE 6.

THE petition states the defendants, Ingraham & Marshall, recovered a judgment in the District Court, on the 28th day of March, 1876, against D. C. and Rebecca J. Ackley; that in 1879 an execution was issued on said judgment, and levied on certain real estate, which belongs to the plaintiff; that Rebecca J. Ackley at one time owned the real estate and occupied the same with her husband, D. C. Ackley, as their homestead, and the same was conveyed by the Ackleys to the plaintiff in March, 1877. The relief asked was that defendants be restrained from selling the real estate under the judgment and execution. The defendants pleaded that the Ackleys had abandoned the premises, as their homestead, long before the same was conveyed to the plaintiff, and therefore the judgment became a lien thereon, from the time the homestead was so abandoned. There was a decree for the defendants, and plaintiff appeals.

*J. B. Young*, for appellant.

*J. C. Davis*, for appellee.

SEEVERS, J.—The title to the premises in controversy was in Mrs. Ackley in 1871, and so remained until the conveyance in March, 1877, to the plaintiff, her father. He furnished the means to purchase the homestead and caused the

same to be conveyed to her. The plaintiff seems to rely to some extent on this fact. But we think it immaterial how Mrs. Ackley acquired the title, unless she did so by fraud.

Mrs. Ackley and her husband occupied the premises as their homestead until 1875, when Mr. Ackley went to Ne-braska, and engaged in business there and has ever since resided there, with the exception of a brief visit to Iowa, the date or duration of which the evidence fails to disclose. Mrs. Ackley continued to occupy the homestead until March, 1876, when she broke up housekeeping, and went to her husband in Nebraska. She took some household goods with her and left the remainder, consisting of bedsteads, stoves and perhaps some bedding in one room of the house. She rented the homestead to Pollard, who was to pay the rent to the plaintiff and the latter was to have charge of the property. Mrs. Ackley remained in Ne-braska until the fall of 1876, when she returned to Iowa, and remained until the spring of 1877, when she returned to her husband in Nebraska, where they have continued to reside. Their permanent residence must now be regarded as being in Nebraska, and has been such since the spring of 1877 at least. The only question for determination is whether there was an abandonment of the homestead by the Ackleys before it was conveyed to the plaintiff. This question of fact is not perhaps entirely free from doubt, and but little aid can be derived from adjudicated cases, because no two are ordinarily alike. It requires two things to constitute an abandonment of a homestead. There must be an intention to do so, and an abandonment in fact. Mr. Ackley seems to have aban-doned the premises in 1875. It is true his wife remained in possession until the spring of 1876, and this is the only cir-cumstance tending to show Mr. Ackley might at some indef-inite period return. Had she remained in possession up to the time of the conveyance to the plaintiff the home-stead right would have continued, and the plaintiff would, it will be conceded, hold the premises free from the lien of the

1. HOME-STEAD; aban-donment of: judgment liens.

judgment. But as we have seen Mrs. Ackley ceased to occupy the premises in the spring of 1876, and went to her husband in Nebraska. There is not a particle of evidence tending to show an intent upon Ackley's part to return and occupy the homestead. Ordinarily the domicile of the husband is the domicile of the wife. This rule must prevail unless there is evidence clearly indicating otherwise. Besides this there was an abandonment in fact of the homestead in the spring of 1876, unless the fact that some household goods were left in one room of the house is, in and of itself, sufficient to show that such is not the case. The fact some goods were so left is immaterial, unless there was an intent to return and occupy the premises; so that the true and only question is, was there such an intent? Leaving out of view the intent of Ackley, what was the intention of his wife? The plaintiff testifies she went to Nebraska in the spring of 1876, "to look at the country and see whether they could make a living there,". and that when she returned in the fall of that year it "was the calculation to move out to Nebraska to her husband and live there." The intention to move and live in Nebraska must have been formed there. Therefore, Mrs. Ackley had no intention to return and occupy the homestead when she came to Iowa, in the fall of 1876. She was a resident of Nebraska during the summer, and when she formed the intention to make that State her permanent residence, and returned to Iowa for a temporary purpose only, she ceased to be a resident of Iowa and became a resident of Nebraska. A citizen and resident of another State cannot have a homestead in Iowa. We, therefore, think the Ackleys abandoned their homestead, and the same became complete as early as the fall of 1876. The lien of the judgment then attached and the subsequent conveyance to the plaintiff could not have the effect to displace it.

AFFIRMED.